*134 OPINION.
Siefkin :
The petitioner contends that for each of the years in controversy the respondent erred in determining the cost value of de-preciable assets upon which to compute the allowable deductions for depreciation. No question as to the rate of depreciation was raised. With regard to the fiscal years ended November 30, 1920, and November 30, 1921, the petitioner raises error as to the value for in *135 vested capital purposes allowed by respondent for assets paid in for capital stock.
The evidence discloses that the petitioner was organized in November, 1919, and took over the business formerly conducted by the Philo-Selby Co., a partnership. Evidence was introduced indicating that Philo, one of the members of the partnership in 1918, intended buying out the interest of Selby, the other member of the partnership. A statement upon the books of the petitioner indicates that Philo did, in fact, buy out Selby’s interest, and that he, Philo, turned over all the assets formerly belonging to the partnership to the petitioner for its entire authorized capital stock, consisting of 800 shares at $100 par value per share.
Section 331 of the Revenue Acts of 1918 and 1921 provides:
In the case of the reorganization, consolidation, or change of ownership of a trade or business, or change of ownership of property, after March 3, 1917, if an interest or control in such trade or business or property of 50 per centum or more remains in the same persons, or any of them, then no asset transferred or received from the previous owner shall, for the purpose of determining invested capital, be allowed a greater value than would have been allowed under this title in computing the invested capital of such previous owner if such asset had not been so transferred or received; * * ⅜.
It is evident, then, that the petitioner may not include in its invested capital any greater value for the assets which it received than Philo, himself, would have been allowed to include. Since we have no evidence as to the value which would have been allowable to Philo, the respondent’s determination must be upheld.
The evidence discloses that depreciable assets of a value of $70,348.82 were paid in to the petitioner for capital stock. We have held that under the Revenue Acts of 1918 and 1921, the basis for the calculation of depreciation is the cost to the taxpayer. Docket No. 32327 refers to the fiscal years 1923, 1924, and 1925, but the record does not disclose when such fiscal years began or ended. We are not informed as to the basis used by the respondent in determining depreciation, but upon the redetermination, depreciation for the fiscal years ended November 30, 1920, November 30, 1921, November 30, 1922, the fiscal year 1923, and that part of the fiscal year 1924 which comes under the provisions of the Revenue Act of 1921, should be computed upon a basis of $70,348.82.
The Revenue Act of 1924 provides in part:
Sec. 203. (b) As used in this section and sections 201 and 204—
(1) The term “reorganization” means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its *136 stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.
# * * ⅝ ⅜ * *
Sec. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—
* * * * ⅜ ⅜ *
(7) If the property (other than stock or securities in a corporation a party to the reorganization) was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 80 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the ti'ansferor upon such transfer under the law applicable to the year in which the transfer was made; * * *.
⅝ # ⅝ ⅜ ⅜ ⅛
(c) The basis upon which depletion, exhaustion, wear and tear, the obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property, * * *.
It is clear that immediately after the transfer of the assets in question to the petitioner an interest of more than 80 per cent in such property remained in Philo. The basis for the calculation of depreciation upon such assets therefore should be the same as it would be in the hands of Philo. Since we are not informed as to that basis, the determination of the respondent with regard to depreciation for the fiscal year 1925 and that part of the fiscal year 1924 which is covered by the Revenue Act of 1924, must be approved.

Judgment will be entered under Rule 50.